File Name:  09a0311n.06

Filed:  April 30, 2009

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  07-1964

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LONNIE RAY DAVIS,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:       MARTIN and GILMAN, Circuit Judges; and DOWD, District Judge.[*]

**REVISED OPINION**

    **BOYCE F. MARTIN, JR., Circuit Judge.**  Lonnie Ray Davis challenges his convictions

for being a felon in possession of a firearm and possession of cocaine base with intent to distribute.

Davis's convictions arose out of evidence recovered during a traffic stop, and Davis argues that this

evidence should have been suppressed because the officer did not have probable cause to pull him

over on suspicion of driving with obstructed vision.  We disagree, and thus AFFIRM.

I.

---

    [*] The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern
District of Ohio, sitting by designation.

The parties stipulated the following facts.[1]  Early on January 13, 2006, Lonnie Ray Davis was driving south on Middlebelt Road outside of Detroit, Michigan.   At approximately 2:10 a.m., Westland police officer Pat Griffin encountered Davis while on patrol.  Seeing a a four-inch tall "Tweety Bird" air-freshener doll hanging from Davis's rearview mirror, Officer Griffin stopped Davis on suspicion of violating MICH. COMP. LAWS § 257.709(1)(c), which prohibits driving a motor vehicle with "a dangling ornament or other suspended object that obstructs the vision of the driver of the vehicle."

When Officer Griffin asked for Davis's license, Davis admitted that he did not have one. Officer Griffin then placed Davis under arrest.  During a search incident to arrest, Officer Griffin found a stun gun, $655 in cash, an open pint of Hennessy cognac, and two baggies containing 23.9 grams of cocaine base.  Officer Griffin also recovered a loaded Grendel .380 caliber pistol after Davis told him that there was a gun in the car.

Davis was charged with being a felon in possession of a firearm and possession of cocaine base with intent to distribute.  He moved to suppress the evidence obtained during the traffic stop on the grounds that the stop was made without probable cause, but the district court denied his motion.  Davis then entered a conditional plea of guilty for both offenses and was sentenced to 188 months in prison.  He now appeals the district court's denial of his motion to suppress.

II.

---

[1] Neither Davis nor the arresting officer testified at Davis's suppression hearing regarding the circumstances of the stop.  But Davis does not contest the government's version of the facts, so we accept it as true.

In view of the broad scope of MICH. COMP. LAWS § 257.709(1)(c), we cannot accept Davis's argument that police lacked probable cause to stop him based upon the Tweety Bird. The law's language is unqualified: an obstruction of any size for any amount of time falls within it.[2] Consequently, the mere sight of the dangling Tweety Bird supplied the "quantum of individualized suspicion" sufficient to establish probable cause to believe that Davis was violating § 257.709(1)(C). *Whren v. United States*, 517 U.S. 806, 817 (1996) (quoting *Delaware v. Prouse*, 440 U.S. 648, 654-55 (1979)). Thus the stop was reasonable under the Fourth Amendment, and the district court correctly denied Davis's motion to suppress. *See Whren*, 517 U.S. at 810 ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."); *see also United States v. Delfin-Colina*, 464 F.3d 392, 400-01 (3d Cir. 2006) (upholding a stop based upon a necklace hanging down almost to the dashboard); *United States v. Ramos-Caraballo*, 375 F.3d 797, 799 (8th Cir. 2004) (upholding a stop based upon a 7-3/4 inch air freshener); *United States v. Smith*, 80 F.3d 215, 219 (7th Cir. 1996) (upholding a stop based upon an air freshener).

III.

Accordingly, we AFFIRM the judgment of the district court.

---

[2] We thank the State of Michigan for submitting its views on whether this law is void for vagueness. Because Davis did not raise this question, we decline to reach it here.